# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 24, 2022

Lyle W. Cayce
Clerk

No. 21-10533
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

SALAHUDDIN RASUZ MALDONADO,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC 4:20-CR-98-3

Before SOUTHWICK, OLDHAM, and WILSON, *Circuit Judges*.

PER CURIAM:*

Salahuddin Rasuz Maldonado pled guilty to one count of conspiring to possess firearms in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(o).  Following the Presentence Report (PSR), the district court enhanced Maldonado's sentence by four levels under U.S.S.G.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-10533

§ 2K2.1(b)(6)(B) because he possessed firearms "in connection with another felony offense, to wit:  drug-trafficking."  The court then sentenced Maldonado to 70 months of imprisonment and three years of supervised release.

On appeal, Maldonado challenges the district court's application of § 2K2.1(b)(6)(B).  "Because [he] preserved this argument in the district court, we review the application of the Guidelines *de novo* and the district court's factual findings—along with the reasonable inferences drawn from those facts—for clear error." *United States v. Alcantar*, 733 F.3d 143, 146 (5th Cir. 2013).

Maldonado was convicted under 18 U.S.C. § 924(o), which makes it a crime to "conspire[] to commit an offense under" 18 U.S.C. § 924(c).  And § 924(c) prohibits, *inter alia*, the possession of a firearm in furtherance of a drug trafficking crime.  18 U.S.C. § 924(c)(1)(A).  Thus, § 924(o) creates a standalone conspiracy offense that does not require proof that the defendant committed the underlying substantive crime—i.e., possession of a firearm in furtherance of drug trafficking.  *See United States v. McClaren*, 13 F.4th 386, 414 (5th Cir. 2021) (holding a § 924(o) conviction merely requires proof "that [d]efendants agreed to violate . . . § 924(c), knew of the agreement's unlawful purpose, and joined in it willfully with the intent to further that purpose").

Under § 2K2.1(b)(6)(B), the Guideline applicable to § 924(o), a defendant is subject to a four-level enhancement if he "used or possessed any firearm or ammunition in connection with another felony offense."  The relevant application note defines "another felony offense" as "any federal, state, or local offense, *other than the explosive or firearms possession or trafficking offense*, punishable by imprisonment for [more than] one year, regardless of whether a criminal charge was brought, or a conviction obtained."  U.S.S.G.

2

No. 21-10533

§ 2K2.1 cmt. n.14(C) (emphasis added). Importantly, the note's "other than" clause "excludes from the definition of 'another felony offense' only the [firearms] possession . . . offense that serves as the basis for the defendant's conviction." *United States v. Juarez*, 626 F.3d 246, 255 (5th Cir. 2010).

Maldonado does not dispute that he engaged in drug trafficking, or that such conduct amounts to a felony offense.[1] Instead, he asserts that the § 2K2.1(b)(6)(B) enhancement was improper because it was not based on "another felony offense," but on the same offense underlying his § 924(o) conviction. We disagree.

This court recently addressed a similar challenge in *United States v. Singletary*, 29 F.4th 313 (5th Cir. 2022). In *Singletary*, the defendant was convicted under § 924(o) "for conspiring to possess guns (*i.e.*, make straw purchases) to help drug dealers." *Id.* at 316. The district court enhanced his sentence under § 2K2.1(b)(6)(B) because the firearms were actually used "to protect or aid in the drug trafficking activity of the distributors." *Id.* Like Maldonado, the defendant asserted on appeal that "he was wrongly enhanced for the same offense he was convicted of." *Id.* We rejected that argument, holding that the drug dealing of the distributors qualified as "another felony offense" for purposes of § 2K2.1(b)(6)(B). *Id.* Though the defendant's conviction and enhancement covered the same underlying conduct, the supporting offenses were "distinct." *Id.*

---

[1] As the Government points out, "Maldonado did not challenge the factual findings in the PSR," which the district court adopted. And he "does not dispute the factual basis for [his] enhancement on appeal." The PSR establishes, among other things, that Maldonado sold drugs to a confidential informant and, when arrested several days later, possessed multiple firearms as well as a distributable quantity of drugs. Further, in his factual resume submitted to the district court, Maldonado admitted that he "sold illegal drugs, and used and possessed firearms in furtherance of . . . drug trafficking activities."

No. 21-10533

The same is true here.  Maldonado was convicted of conspiring to possess a firearm in furtherance of a drug trafficking crime.  But his sentence was enhanced under § 2K2.1(b)(6)(B) because he actually possessed a firearm in connection with drug trafficking.  In other words, the "[]other felony offense," *id.*, for purposes of § 2K2.1(b)(6)(B)'s enhancement was not the conspiracy, but rather Maldonado's commission of a substantive drug trafficking crime.  Because substantive drug trafficking constitutes an offense "other than the . . . firearms possession . . . offense" that served as the basis of Maldonado's conviction (i.e., conspiracy to possess a firearm in furtherance of a drug trafficking crime), the district court did not err in applying a four-level enhancement under § 2K2.1(b)(6)(B).

Accordingly, the judgment of the district court is AFFIRMED.